IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

CLYDE MILLNER,

    Petitioner,

v.                                        Case No. 5:21-cv-00624

WARDEN, FCI BENNETTSVILLE,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 1, 2021, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 26, 2005, Petitioner was arrested by Maryland state authorities on multiple offenses charged in Case Number 03-K-06-000126 in the Circuit Court for Baltimore County. (ECF No. 8, Ex. 1, Attach. A (Maryland State Data)). On May 15, 2006, Petitioner was sentenced by the Maryland state court to five years of imprisonment with credit for time served prior to the commencement of the sentence beginning November 28, 2005, after he was found guilty of one count of felony possession of firearms. (*Id.*) On March 24, 2008, while serving his state sentence,

Petitioner was borrowed from the state by the United States Marshals Service ("USMS") via a Writ of Habeas Corpus *ad prosequendum* to answer to the instant federal charges. (ECF No. 8, Ex. 1, Attach. B (USMS Form 129)). Subsequently, on October 1, 2009, Petitioner was sentenced in the United States District Court for the District of Maryland (Judge William D. Quarles, Jr.) to a 240-month term of imprisonment for Conspiracy to Participate in a Racketeering Enterprise in Case Number WDQ-08-086. (ECF No. 8, Ex. 1, Attach. C (Federal Judgment dated October 2, 2009)). His initial federal judgment did not state anything about the judgment running concurrent to his state sentence or when it should commence.[1] Petitioner was then returned to state authorities with the federal judgment lodged as a detainer. (*Id.*)

On February 5, 2010, Petitioner completed his state sentence, and based upon the federal detainer, he was transferred to federal custody for service of his federal sentence. (*Id.*) On May 14, 2010, Petitioner, by counsel, filed a motion to alter or amend judgment asserting that, through Petitioner's plea agreement, the parties had stipulated and agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Petitioner receive a sentence of 240 months that was to run concurrent to his undischarged state sentence and that the same should run from March 24, 2008, when he was taken into federal custody on the writ of habeas corpus *ad prosequendum*. Thus, Petitioner was seeking an amended judgment reflecting that the federal sentence commenced on March 24, 2008. (Case No. 1:08-cr-00086-JKB, ECF No. 981 (D. Md. May, 14, 2010)). The United States consented to this motion.

---

[1] 18 U.S.C. § 3584 permits a district court to run a federal sentence either concurrent with or consecutive to another undischarged term of imprisonment, but unless the judgment states that they are to run concurrently, they will be presumed to run consecutively. 18 U.S.C. § 3584(a).

2

Thereafter, on May 20, 2010, an Amended Judgment was issued by United States District Judge Quarles. (ECF No. 8, Ex. 1, Attach. D (Amended Judgment dated May 21, 2010)). The amended judgment ordered Petitioner's federal sentence "to commence as of March 24, 2008," and to "run concurrent with any other sentence the defendant was serving on the date this federal sentence was imposed." (*Id.*) However, when the BOP again calculated his federal sentence, it ran it from October 1, 2009 date, which was when the federal sentence was imposed. Accordingly, on November 17, 2018, Petitioner wrote a letter to Judge Quarles asserting that he had been denied 684 days of prior custody credit – spanning the period between March 24, 2008 and February 5, 2010, when he was taken into exclusive federal custody. (ECF No. 8, Ex. 1, Attach. E).

On November 14, 2018, after Judge Quarles' retirement, newly-assigned District Judge Ellen L. Hollander authored a letter to Petitioner explaining that, to effectuate Judge Quarles' amended order, Petitioner's sentence was reduced to 221 months and 23 days pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.3. Thus, § 5G1.3 was effectively used to reduce Petitioner's sentence to serve the same purpose as a concurrent sentence that would run from March 24, 2008, in accordance with Judge Quarles' amended order. Thus, in harmony with the court's intent, the BOP computed Petitioner's sentence to be a 221-month and 23-day sentence running from the date the sentence was imposed on October 1, 2009, in accordance with 18 U.S.C. § 3585(a). (ECF No. 8, Ex. 1, Attach. F).

Still dissatisfied, on December 12, 2021, Petitioner filed the instant section 2241 petition again seeking credit against his federal sentence beginning on March 24, 2008. (ECF No. 1). On December 13, 2021, the undersigned issued an Order to Show Cause

directing the parties to brief the issues raised in Petitioner's petition. (ECF No. 3). On January 13, 2022, Respondent filed a Response to Order to Show Cause (ECF No. 8), asserting that Petitioner's sentence has been properly calculated in accordance with the Maryland district court's intent as, by law, it could not commence before October 1, 2009. On January 26, 2022, Petitioner filed a reply brief, requesting that his sentence be reduced to time served because the terms of the amended judgment allegedly violated his plea agreement. (ECF No. 9).[2]

According to the inmate locator on the BOP website, www.bop.gov, Petitioner was released from custody on or about November 22, 2024. Thus, as addressed below, his § 2241 petition is now moot and must be dismissed.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007);

---

2 Petitioner also filed several amendments reiterating the arguments made in his initial petition and reply brief and adding documentation in support thereof. (ECF Nos. 7 and 11). Subsequently, he filed several other additional documents addressing a new claim concerning the earning and application of Federal Earned Time Credits ("FTC") under the First Step Act (ECF Nos. 12-14), which the undersigned has treated as motions to amend this petition and denied because Petitioner also filed a separate § 2241 petition concerning his FTC claim (Case No.5:22-cv-595), which is still pending. Thus, the undersigned will not address the FTC issue herein.

*Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

December 10, 2024

Dwane L. Tinsley
United States Magistrate Judge